UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERON REID, <br><br> Plaintiff, <br><br> v. <br><br> JULIE LAWSON, et al., <br><br> Defendants. | CAUSE NO. 3:21-CV-380-JD-MGG |

OPINION AND ORDER

Teron Reid, a prisoner without a lawyer, filed a complaint alleging he is being denied constitutionally adequate medical care at the St. Joseph County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Reid is a pre-trial detainee. He alleges he has ulcerative colitis which is not being properly treated. A pre-trial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cnty. of*

*Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is "whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

Reid alleges Nurse Alice Ulm denied him treatment for his ulcerative colitis since December 2020. As a result, Reid alleges he is in constant pain with extreme cramping, internal bleeding, gastrointestinal problems, and lose of weight and sleep. He alleges he must have (but has not received) infusion treatments every 45 to 60 days. However, inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). It is unclear whether there are alternative treatments, but given the allegation that his ulcerative colitis is not being treated at all, the complaint states a claim against Nurse Alice Ulm.

Reid alleges Karen and an unknown U.S. Marshal employee are in charge of scheduling outside treatment appointments, but have not scheduled him for infusion treatment. However, unless he has been authorized to receive infusion treatment at an outside facility, neither have violated his constitutional rights by not scheduling an unauthorized appointment. Here, he alleges Nurse Alice Ulm is preventing him from receiving treatment, so the complaint does not state a claim against either of these appointment schedulers.

Reid alleges Warden Julie Lawson and Captain Russ Olmstead have reviewed grievances about his not being scheduled for infusion treatment. However, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of . . . grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Non-medical jail staff are "entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009); *see also Miranda v. Cnty. of Lake*, 900 F.3d 335, 343 (7th Cir. 2018) ("When detainees are under the care of medical experts, non-medical jail staff may generally trust the professionals to provide appropriate medical attention."). Therefore, the complaint does not state a claim for monetary damages against either Warden Julie Lawson or Captain Russ Olmstead.

Finally, Reid seeks injunctive relieve to obtain infusion therapy. Warden Julie Lawson, in her official capacity, has both the authority and the responsibility to ensure that inmates are provided constitutionally adequate medical treatment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out."). However,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Therefore, Reid may proceed against Warden Lawson in her official capacity only to obtain injunctive relief to receive constitutionally adequate medical treatment for his ulcerative colitis – not to specifically obtain infusion therapy.

For these reasons, the court:

(1) GRANTS Teron Reid leave to proceed against Nurse Alice Ulm in her individual capacity for compensatory and punitive damages for denying him any treatment for his ulcerative colitis since December 2020 in violation of the Fourteenth Amendment;

(2) GRANTS Teron Reid leave to proceed against Warden Julie Lawson in her official capacity for permanent injunctive relief to obtain constitutionally adequate medical treatment for his ulcerative colitis as required by the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Russ Olmstead, Karen, and U.S. Marshal;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on)

Nurse Alice Ulm and Warden Julie Lawson at the St. Joseph County Jail, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the St. Joseph County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Nurse Alice Ulm and Warden Julie Lawson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 28, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT