UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TERON REID,

    Plaintiff,

    v.   CAUSE NO. 3:21-CV-380-JD-MGG

ALICE ULM and ST. JOSEPH COUNTY
JAIL WARDEN,

    Defendants.

OPINION AND ORDER

This matter is before the court on a motion for sanctions. ECF 31. Teron Reid, a prisoner without a lawyer, was ordered to file a Status Report by August 20, 2021. ECF 14. He did not. He was told to return a Magistrate Judge Consent form by September 28, 2021. ECF 17. He did not. He had until October 25, 2021, to respond to discovery. *See* ECF 18 and 19. He did not. He had until December 6, 2021, to respond to a motion to compel. *See* ECF 20. Instead, he wrote a letter asking to be appointed counsel which was denied. ECF 21 and 23. He was ordered to show cause by December 20, 2021, why the case should not be dismissed as abandoned. *See* ECF 22. Instead, he and his mother wrote letters asking for appointed counsel which were denied. ECF 24, 25, 26, and 28. He was ordered to show cause by January 19, 2022, why the case should not be dismissed as abandoned. ECF 25. Instead, he wrote a letter asking for more time to find a lawyer which was denied. ECF 26 and 27. He wrote a letter asking for assistance because he did not know what to do next. ECF 29. The court found that answer

unacceptable because prior orders told him what to do. ECF 30. He was ordered to return the Magistrate Judge Consent form with responses to the discovery requests by February 17, 2022. *Id*. He did not. The defendants filed a motion for sanctions and he was ordered to respond to it by March 30, 2022. ECF 31 and 32. He filed an unsigned document saying he was ready to proceed, but he did not directly respond to the motion for sanctions, return the Magistrate Judge Consent form, nor respond to the discovery requests. ECF 33. The court found the response "barely adequate, but in the interests of justice [gave him] one last chance to proceed with this case." ECF 34 at 1. He was ordered to return the Magistrate Judge Consent form with responses to the discovery requests April 28, 2022. ECF 34. He has not.

The court will now rule on the motion for sanctions. Sanctions "must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Id.* citation omitted). "Discovery sanctions may only be imposed where a party displays willfulness, bad faith, or fault." *Am. Nat'l Bank and Tr. Co. of Chi. v. Equitable Life Assur. Soc. of the U.S.*, 406 F.3d 867, 877 (7th Cir. 2005). Reid has been repeatedly cautioned this case could be dismissed if he did not participate. *See* ECF 22, 32, and 34. He has had multiple opportunities over six months to do so. He has been sent three copies of the discovery requests. ECF 18, 19, 30, and 34. Sanctions are appropriate because Reid is obligated to cooperate with discovery. *See* FED. R. CIV. P. 37; *Israel Travel Advisory Serv., Inc. v. Israel Identity Tours, Inc.*, 61 F.3d 1250, 1255 (7th Cir. 1995) ("[A] plaintiff who does not cooperate in discovery must expect to lose."); *Otis v. City of Chicago*, 29 F.3d 1159, 1168 (7th Cir. 1994) ("Plaintiffs

2

must submit to discovery in litigation they initiate, and failure to do so leads straight to dismissal.").

The defendants ask for the case to be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v). Before doing so, the court will "consider whether a lesser sanction than dismissal with prejudice would be appropriate." *Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 877 (7th Cir. 2019).

> A court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct. A court must find by a preponderance of the evidence that the responsible party acted (or failed to act) with a degree of culpability that exceeds simple inadvertence or mistake before it may choose dismissal as a sanction for discovery violations. Moreover, sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith. The court's inherent power to dismiss is vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. The sanction of dismissal with prejudice must be infrequently resorted to by district courts in their attempts to control their dockets and extirpate nuisance suits. Dismissal is a harsh sanction, and in general, justice is dispensed by the hearing of cases on their merits.

*Ebmeyer v. Brock*, 11 F.4th 537, 546 (7th Cir. 2021) (quotation marks, brackets, and citations omitted).

"[S]anctions, including dismissal, must be proportionate to the circumstances." *Id*. at 547. Sanctions other than dismissal with prejudice include "a warning from the court, a small financial sanction, taking certain facts to be established in favor of the party that secured an order compelling discovery, or dismissal without prejudice." *Evans v. Griffin*, 932 F.3d 1043, 1048 (7th Cir. 2019). Here, the court has repeatedly

warned Reid. No further warnings are appropriate. Reid is proceeding in forma pauperis. He is unlikely to be able to pay a monetary sanction nor encouraged to cooperate by one. It is unclear what facts could be accepted as established, but since he has refused to participate in discovery, if all possible facts were construed against him, that would undoubtedly be the equivalent of a dismissal with prejudice which required the defendants to expend yet more resources to file a summary judgment motion. Here, Reid has not only refused to respond to discovery, he has also been unresponsive to court orders and would not even return the Magistrate Judge Consent form after multiple chances and two court orders that he do so. ECF 30 and 34. In sum, though he has written to the court several times, he has refused to meaningfully participate in this litigation despite saying he would. Under these circumstances dismissal with prejudice is appropriate.

For these reasons, the motion for sanctions (ECF 31) is GRANTED. The case is DISMISSED WITH PREJUDICE. The clerk is DIRECTED to enter judgment for the defendants and against the plaintiff.

SO ORDERED on May 6, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT